IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN C. FRELIX** **#555077,** | ) ) ) | |
| Petitioner, | ) ) | NO. 3:22-CV-00178 JUDGE CAMPBELL |
| v. | ) ) | MAGISTRATE JUDGE FRENSLEY |
| **WARDEN GRADY PERRY,** | ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Brian C. Frelix, an inmate of the South Central Correctional Facility in Clinton, Tennessee, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), an Application for Leave for Proceed In Forma Pauperis (Doc. No. 9) and supporting documents (Doc. Nos. 2 and 3), and a Motion For Request of Counsel (Doc. No. 8).

### I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.00 in his inmate trust fund account and is presently unemployed. (Doc. No. 2 at 1, No. 3 at 1, Doc. No. 9 at 3). Because it appears from his application that Petitioner cannot afford to pay the filing fee without undue hardship, Petitioner's in forma pauperis application (Doc. No. 9) is **GRANTED**, and the Clerk shall file the petition in forma pauperis. 28 U.S.C. §§ 1915(a), (b)(4).

### II. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner requests the appointment of counsel. (Doc. No. 8). He invokes what he describes as his Sixth Amendment right to counsel "in all criminal proceedings." (*Id*. at 1).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social*

1

*Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Petitioner does not describe any exceptional circumstances warranting the appointment of counsel at this time. As best the Court can discern from the record, Petitioner's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Moreover, Petitioner has demonstrated that he is able to prosecute his case by filing several coherent documents with the Court. Therefore, his motion for the appointment of counsel (Doc. No. 8) is **DENIED** without prejudice to file at a later time, if appropriate.

### III. PRELIMINARY REVIEW OF PETITION

The petition for a writ of habeas corpus challenges Petitioner's 2017 conviction and sentence for facilitation of aggravated robbery and aggravated robbery for which he currently is serving a sentence of sixteen years' imprisonment in the Tennessee Department of Correction. (Doc. No. 1 at 1). Among other claims, Petitioner alleges that his trial counsel was ineffective. (*Id.* at 21).

After conducting a preliminary review of Petitioner's Section 2254 petition and supporting documents under Rule 4, Rules – Section 2254 Cases, it is not readily apparent that Petitioner is

not entitled to relief. Consequently, Respondent is **ORDERED** to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of date of entry of this Order.

By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (*e.g.*, plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on Respondent and the Attorney General of Tennessee. *See* Habeas Rule 4.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE