IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN C. FRELIX #555077, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| WARDEN GRADY PERRY, | ) ) |
| Respondent. | ) |

NO. 3:22-CV-00178
JUDGE CAMPBELL
MAGISTRATE JUDGE
FRENSLEY

# MEMORANDUM AND ORDER

Brian C. Frelix, an inmate of the South Central Correctional Facility in Clinton, Tennessee, has filed a pro se, in forma pauperis petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and a Motion for Appointment of Counsel. (Doc. No. 12). Respondent has filed a Motion to Dismiss Habeas Corpus Petition (Doc. No. 14), to which Petitioner has responded in opposition. (Doc. No. 16). Respondent has filed a reply to the response. (Doc. No. 18).

## I. BACKGROUND

On July 5, 2017, Petitioner entered guilty pleas to one count of aggravated robbery and one count of facilitation of aggravated robbery in the Davidson County Criminal Court. *State v. Frelix*, No. M2017-00388-CCA-R3-CD, 2018 WL 2722796, at *1 (Tenn. Crim. App. June 6, 2018), *perm. app. denied* (Tenn. Sept. 13, 2018). The trial court sentenced Petitioner to an effective sentence of thirty-eight years' imprisonment in the Tennessee Department of Correction. *Id*.

On June 29, 2018, Petitioner signed, under oath, a pro se petition for post-conviction relief and placed it in the prison mailing system. *Frelix v. State*, No. M2019-01070-CCA-R3-PC, 2020 WL 5888144, at *1 (Tenn. Crim. App. Oct. 5, 2020); (Doc. No. 11, Attach. 1 at PageID# 84-88, 104-07). Counsel later amended the petition and, following an evidentiary hearing, the post-

1

conviction court denied relief. *Frelix*, 2020 WL 5888144, at *2. Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court. *Id* at *1, *13.

On March 14, 2022, the Court received Petitioner's petition for writ of habeas corpus under 28 U.S.C § 2254. (Doc. No. 1). Petitioner represented in the certificate of service that he placed the petition in the prison mail system on March 6, 2022. (*Id*. at 19).

Upon receiving the petition, the Court conducted a preliminary review under Rule 4, Rules – Section 2254 Cases and ordered Respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules § 2254 Cases. (Doc. No. 10). In response, Respondent filed a timely Motion to Dismiss. (Doc. No. 14). That Motion is now ripe. The Court finds that an evidentiary hearing is not needed for the resolution of Respondent's Motion.

## II. MOTION TO DISMISS

Respondent contends that the instant petition should be dismissed because it was filed after the one-year statute of limitations and Petitioner has not demonstrated that he is entitled to equitable tolling. (Doc. No. 14).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which appears to be relevant here—"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

Petitioner entered a plea of guilty on July 5, 2017. Petitioner did not attempt to withdraw his guilty plea or pursue a direct appeal. Consequently, his state court convictions became final on August 4, 2017, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. *See Hanserd v. Morrow*, No. 1:08-cv-283, 2009 WL 35236, at *1 (E.D. Tenn. Jan. 5, 2009) (citing Tenn. R. App. 4(a); 28 U.S.C. § 2244(d)(1)); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea under Tennessee law becomes final thirty days after the acceptance of the plea and imposition of the sentence, regardless of whether the right to appeal has been waived).

The AEDPA one-year limitations period began running the next day, on August 5, 2017.[1] Therefore, Petitioner had one year from August 5, 2017 to timely file his federal habeas petition. However, on June 29, 2018, Petitioner signed and placed his timely pro se state petition for post-conviction relief into the prison mailing system. The Court finds that, under the Tennessee Rules of Post-Conviction Procedure, Petitioner filed his petition on that day. *See* Tenn. Sup. Ct. R. 28, §

---

[1]Although August 5, 2017, was a Saturday, the Federal Rules instruct the Court to "count every day, including intermediate Saturdays, Sundays, and legal holidays" where, as here, the time period is stated in days or a longer unit of time. Fed. R. Civ. P. 6(a)(1)(B). *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing).

3

2(G).[2] Thus, Petitioner statutorily tolled the limitations on June 29, 2018, at which time the AEDPA's one-year limitations had run for 329 days.

On March 17, 2021, Petitioner completed the state post-conviction process when the Tennessee Supreme Court denied his application for discretionary review. Therefore, the limitations period resumed the next day,[3] March 18, 2021.[4] *See* Fed. R. Civ. P. 6(a)(1)(A). Since 329 days of the one-year limitations period had run, Petitioner had 36 days, or until April 23, 2021,[5] to timely file his federal habeas petition.

Petitioner filed his federal habeas petition on March 6, 2022 by delivering it to the prison authorities for mailing to the Court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)

---

[2] It is not entirely clear whether this rule applies to a post-conviction filing that is indisputably timely, as was Petitioner's in this case. *See Shade v. Washburn*, No. 3:19-cv-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting that Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem filed a pro se prisoner's timely post-conviction filing). District courts in Tennessee have applied this prison mailbox rule differently when assessing the timeliness of a habeas corpus petition and the timeliness of the post-conviction petition was not in question. *Compare Anthony v. Tenn.*, No. 2:18-cv-02584-TLP-tmp, 2020 WL 6811675, at *2 (W.D. Tenn. Nov. 19, 2020) (applying prison mailbox rule to timely pro se post-conviction petition), and *Vine v. Byrd*, No. 3:21-cv-00260, 2021 WL 4552959, at *2 n.1 (M.D. Tenn. Oct. 5, 2021) (applying prison mailbox rule to determine that a timely pro se post-conviction petition was filed on date it was signed and notarized), *with Odom v. Lindamood*, No. 13-10860-JDB-egb, 2013 WL 6589557, at *3 n.3 (E.D. Tenn. Dec. 16, 2013) (finding mailbox rule inapplicable because pro se post-conviction petition was timely filed), *and Wells v. Dotson*, No. 07-1144, 2008 WL 2247080, at *3 n.4 (W.D. Tenn. May 28, 2008) (not applying mailbox rule, stating rule is only effective when papers are not received by state court clerk until after time for filing has passed). Because, in at least one opinion, the Tennessee Court of Criminal Appeals has deemed a timely post-conviction petition filed when it was "presented to prison officials for mailing," *see Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d) and Tenn. Sup. Ct. R. 28, § 2(G)), this Court will do the same here. *See Lopez v. Tennessee*, No. 2:19-cv-00055, 2020 WL 836548, at *2 & n.1 (M.D. Tenn. Feb. 20, 2020).

[3] Petitioner appears to believe that the one-year statute of limitations began anew on March 17, 2021 when the Tennessee Supreme court denied discretionary appeal on post-conviction appellate review. (Doc. No. 16 at PageID# 829, 830). However, when the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

[4] The one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment is not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state postconviction relief. *See Lawrence v. Fla.*, 549 U.S. 327, 337 (2007). In any event, it does not appear that Petitioner sought review by the United States Supreme Court.

[5] Where, as here, the time period is stated in days or a longer unit of time, the Court excludes the day of the event that triggers the period. *See* Fed. R. Civ. P. 6(1)(1)(A). Thus, April 22, 2021—the date of finality—is not counted for the AEDPA computation.

(recognizing "relaxed filing standard" under which "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court"). It appears, then, that Petitioner filed his petition 318 days after the AEDPA's one-year limitations period. In other words, the petition is untimely by approximately ten months.

Nevertheless, the "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence required for equitable tolling purposes is "'reasonable diligence,'" not "'maximum feasible diligence.'" *Id*. at 653 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996); *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Such motions are evaluated on "a case-by-case basis, with the petitioner having the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

In his response to Respondent's Motion to Dismiss, Petitioner contends that he is entitled to equitable tolling because of the "extraordinary circumstances" of (1) the COVID-19 pandemic and (2) Petitioner's placement in solitary confinement. (Doc. No. 16 at PageID# 831).

Petitioner first insists that "[a]ll you would have to do is look at the ECF provided by Respondent to see the due diligence in Petitioner pursuing his rights and being that this time was during the Coronavirus pandemic, which halted all court proceedings to a minimum and

5

correctional facilities were locked down and quarantined for at least two years." (Doc. No. 16 at PageID# 831). Courts have concluded that the COVID-19 pandemic "'could—in certain circumstances—conceivably warrant equitable tolling.'" *United States v. West*, __ F.Supp.3d __, No. 4:18-cr-737, 2022 WL 44670, at *3 (N.D. Ohio Jan. 5, 2022) (quoting *United States v. Haro*, No. 8:18-cr-66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)). However, these "certain circumstances" involve petitioners who had been pursuing their rights diligently and would have timely filed had COVID-19 not caused external obstacles. *Id*. at *3. As a sister court explained, "[t]he bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his [petition]." *Id*. at *4 (quoting *United States v Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)) (emphasis in original).

Here, the record before the Court strongly suggests that Petitioner filed his petition late not because of any obstacles caused by the COVID-19 pandemic but because of his misunderstanding of the law. Petitioner argues in his response that he timely filed his petition because the "true and factual start of the one-year statute [of limitations was] when such appeal was denied on March 17, 2021." (Doc. No. 16 at PageID# 830). As noted *supra*, Petitioner appears to misunderstand the nature of tolling with respect to 28 U.S.C. § 2244(d) and believes that the one-year statute of limitations began anew on March 17, 2021 when his post-conviction proceedings concluded. (Doc. No. 16 at PageID# 829-30). Thus, it appears that Petitioner sat on his rights, mistakenly believing he had one year from the conclusion of his post-conviction proceedings to file.

Petitioner further states he is "confused as [to] how he was supposed to file this petition while exhausting state remedies . . . during a pandemic." (Doc. No. 16 at PageID# 831). Petitioner

6

again misunderstands the law. Petitioner was not required to file his federal habeas corpus petition while he was exhausting his state court remedies. Instead, it was Petitioner's responsibility to determine the limited time remaining in his statute of limitations period after his tolling expired. Indeed, Petitioner represents to the Court that he is a certified paralegal with "several years" of experience and "could . . . with proper access to research and case law . . . happily continue pro se." (Doc. No. 12 at PageID# 810, 813). Not only did Petitioner have four years to research and draft his federal habeas corpus petition while the statute of limitations was tolled, he possessed particularized skills and education relevant to the task that most pro se prisoners lack.

Petitioner has not demonstrated that the impact of the COVID-19 pandemic interfered with his ability to file a timely Section 2254 petition. Indeed, the vast majority of Petitioner's one-year statute of limitations period passed *prior to* the start of the pandemic. Petitioner provides no reason why he could not have been investigating his federal constitutional rights during that time. *See West*, 2022 WL 44670, at *4 (finding that petitioner's "vague and generalized contentions [did not] begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file a § 2255 motion."); *Taylor v. Valentine*, No. 5:20-cv-00139-TBR, 2021 WL 864145, at *3 (W.D. Ky. Mar. 8, 2021) (finding that petitioner was not entitled to COVID-19 equitable tolling because he failed to show how the pandemic affected his ability to timely file his petition when "the vast majority" of petitioner's time expired months before the pandemic began). Thus, the Court finds that Petitioner was not reasonably diligent in filing his habeas corpus petition during his statute of limitations period. *See Johnson v. Akers*, No. 3:20-CV-00414-CHB-LLK, 2021 WL 170056, at *5 (W.D. Ky. Apr. 29, 2021) (stating that "pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Turner v. Smith*, 70 F. Supp.2d 785, 787 n.1 (E.D. Mich. 1999) ("Ignorance of the law is an

insufficient basis to invoke the doctrine of equitable tolling." (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))).

With regard to Petitioner's assertion that his prison was "locked down and quarantined for at least two years," (Doc. No. 16 at PageID# 831), general allegations of "placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 1:17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (citations omitted). Petitioner does not explain how the COVID-19 related prison lockdowns or quarantines impeded his ability to timely file the instant petition, especially considering that Petitioner failed to demonstrate he was pursuing his rights diligently prior to the pandemic. *See Mims v. United States*, No. 4:20-cv-1538, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (an inability to access the law library due to COVID-19 institutional lockdown was insufficient to warrant equitable tolling where the petitioner failed to establish he was pursuing his rights diligently prior to the lockdown); *United States v. Barnes*, No. 18-cr-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (finding that, "[e]ven assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay" in petitioner's ability to timely file his § 2255 motion). Petitioner has not demonstrated any "extraordinary circumstances" that prevented him from timely filing his claims.

Finally, Petitioner attempts to show reasonable diligence by stating that he "still made sure to file his petition" during the time he was in solitary confinement. (Doc. No. 16 at PageID# 831). However, in his Motion for the Appointment of Counsel, which he mailed on April 25, 2022, Petitioner states that he is "currently held in solitary confinement and [he has] been here for several

weeks" and that "[a]ll of [his] legal work except by the grace of God, [the] petition for writ of habeas corpus, was destroyed." (Doc. No. 12 at PageID# 810). The Court notes that Petitioner mailed his federal habeas corpus petition on March 6, 2022—over a month prior to his placement in solitary confinement. *See Dixon v. Ohio*, 81 F. App'x 851, 853 (6th Cir. 2003) (finding that habeas petitioner's placement in solitary confinement after the limitations period expired did not entitle him to equitable tolling).

In summary, the instant federal habeas corpus petition is untimely, and Petitioner cannot meet the high burden of showing that he is entitled to equitable tolling. Accordingly, the Court finds that the present petition is barred by the statute of limitations established by 28 U.S.C. § 2244(d)(1)(D) and may not be considered on the merits by this Court.

### III. CONCLUSION AND ORDER

Petitioner filed his petition well beyond the AEDPA's one-year limitations period, and he has not established that he is entitled to equitable tolling. Accordingly, Respondent's Motion to Dismiss (Doc. No. 14) is **GRANTED**. The petition is **DISMISSED** as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner's Motion for Appointment of Counsel (Doc. No. 12) is **DENIED AS MOOT**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The

district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Respondent's Motion to Dismiss, the Court **DENIES** a COA.

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE